**In the Matter of Anthony T. ADOLF, Respondent.**

**No. 02S00–1007–DI–401.**

Supreme Court of Indiana.

March 22, 2012.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** The first two counts in this disciplinary action relate to misconduct also charged against attorney Roger W. Hultquist, Cause No. 02S00–1007–DI–400, who received an agreed public reprimand for his misconduct.

*Facts pertaining to both Counts 1 and 2.* Two couples retained Hultquist to file a bankruptcy petition for them before certain amendments to the Bankruptcy Code became effective on October 17, 2005. Without the clients' knowledge, Hultquist arranged to pay an employee in Respondent's office to prepare and file the petitions electronically using software and court authorization Hultquist lacked. This would result in Respondent being shown as the clients' counsel. The two attorneys agreed that Respondent would file the petitions and Hultquist would later be substituted as counsel for the couples.

*Count 1.* Respondent's employee prepared the first couple's petition for filing, but it was misplaced and not filed. After the couple inquired into the status of their case in March 2006, Hultquist contacted Respondent, who then discovered the petition had not been filed. As a result, the couple had to file their petition after the bankruptcy amendments took effect.

*Count 2.* Respondent filed the petition and schedules for the second couple on September 13, 2005. The documents generated by Respondent's software contained false representations, including that Respondent was authorized to execute documents for the couple and that he had

counseled them about their options under the Bankruptcy Code. Respondent, rather than Hultquist, appeared at the first meeting of creditors to represent the couple, although they knew nothing about his involvement in the case to that point. The bankruptcy was successfully concluded.

*Count 3.* In December 2008, Respondent obtained a $6000 default judgment on behalf of a client against "RR" and "PH." Both moved to set aside the default judgment, and Respondent commence proceedings supplemental. A hearing was set for February 23, 2009.

Respondent reached a settlement agreement with RR, and RR delivered a $2500 check for release of the judgment against him. Rather than requesting a continuance of the February 23 hearing as he had agreed, Respondent told the court that the parties were only in settlement discussions, and the court denied RR's motion to set aside the judgment for failure to appear at the hearing. When RR's attorneys learned that the motion had been denied, Respondent then falsely told them that he had informed the court about the settlement and that he had asked for a continuance. Respondent misrepresented to RR's attorney that he would file the release of judgment they provided. Instead, without notice to RR's attorneys, he modified the release of judgment, omitting the amount RR had paid under the settlement.

RR sought sanctions against Respondent, including attorney fees. Respondent filed a motion to dismiss and his own motion for sanctions. After a hearing, the trial court "dismissed" Respondent's motions, found bad faith on the part of Respondent, and ordered him to pay RR $1500 for attorney fees.

Regarding PH, Respondent had unilaterally secured a docket entry reading: "continued for Garnishment Order to issue." On February 23, 2009, Respondent tendered a garnishment order, but the court's judicial assistant refused to accept it, recalling that PH's motion to set aside the default judgment had not been heard. Respondent requested that the court require PH to post a $6000 bond, failing to disclose to the court or PH's counsel that his client had already received $2500 from RR in partial satisfaction of the judgment. After a hearing on March 16, 2009, the court denied the request, set aside the default judgment against PH, and set the matter for trial.

*Count 4.* Respondent filed a chapter 7 bankruptcy petition for a husband and wife on December 15, 2009. Less than two weeks later, he filed a divorce petition on behalf of the husband and prepared an order for provisional relief, which wife, who was unrepresented in the divorce action, refused to sign. Respondent appeared for both husband and wife at the first meeting of creditors in the bankruptcy case in January 2010. After the wife retained counsel in the divorce proceeding, Respondent prepared a revised provisional order and final settlement agreement for the husband to present to the wife, without the consent of wife's attorney to communicate with her about these documents. The divorce court eventually ordered Respondent to withdraw his appearance on behalf of the husband.

*Other facts.* The parties cite the following facts in aggravation: (1) Respondent's misconduct was due to a dishonest or selfish motive with regard to Count 3; and (2) Respondent had been practicing sufficiently long enough to have known his conduct was improper.

The parties cite the following facts in mitigation: (1) Respondent has no disciplinary history; (2) Respondent was cooperative with the Commission; and (3) with respect to Counts 1 and 2, Respondent's

misconduct was not due to a dishonest or selfish motive, but rather resulted from a desire to help a colleague in the confusing and difficult time preceding the effective date of the bankruptcy amendments.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

*Count 1:*

1.3: Failure to act with reasonable diligence and promptness.

*Count 2:*

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

*Count 3:*

3.3(a)(1): Knowingly making a false statement of fact to a tribunal.

3.4(a): Unlawfully concealing material having potential evidentiary value.

4.1(a): Knowingly making a false statement of material fact to a third person in the course of representing a client.

4.4(a): Using means in representing a client that have no substantial purpose other than to embarrass or burden a third person.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

*Count 4:*

1.7(a)(1): Representing a client when the representation is directly adverse to another client.

4.2: Improperly communicating with a person the lawyer knows to be represented by another lawyer in the matter.

**Discipline:** The parties propose the appropriate discipline is suspension for 180 days with automatic reinstatement. Respondent engaged in serious professional misconduct that included multiple acts of deception in Count 3. "The reliability of lawyers' representations is an integral component of the fair and efficient administration of justice." *Fire Ins. Exchange v. Bell,* 643 N.E.2d 310, 313 (Ind.1994). The discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 180 days, beginning May 4, 2012.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of

this order in the bound volumes of this Court's decisions.

All Justices concur.